UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
STEVE HALL,

Plaintiff,

-against-

THE CITY OF NEW YORK, NYPD MEMBER VICTOR CUNHA (TAX REGISTRATION NO. 971029), NYPD MEMBER ALBERTO DEMARCHENA (TAX REGISTRATION NO. 971034), NYPD MEMBER WILLIAN PACHECOCUZCO (TAX REGISTRATION NO. 971595), AND NYPD MEMBER DOES 1-2,

Defendants.
---------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

26 Civ. 1959 (AT)

**JURY TRIAL DEMANDED**

Plaintiff, STEVE HALL, by his attorney, JESSICA MASSIMI, hereby complains of the Defendants, upon information and belief, as follows:

**PARTIES, VENUE AND JURIDICTION**

1. At the time of the civil rights violations described herein, Plaintiff, STEVE HALL, was a resident of Bronx County, City and State of New York.

2. At all relevant times mentioned herein, Defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all times hereinafter mentioned, Defendant NYPD MEMBER VICTOR CUNHA, was a man employed by the City of New York as a member of the NYPD assigned to the 40th NYPD Precinct.

4. At all times hereinafter mentioned, Defendant NYPD MEMBER ALBERTO DEMARCHENA, was a man employed by the City of New York as a member of the NYPD assigned to the 40th NYPD Precinct.
5. At all times hereinafter mentioned, Defendant NYPD MEMBER WILLIAN PACHECOCUZCO was a man employed by the City of New York as a member of the NYPD assigned to the 40th NYPD Precinct.
6. At all times hereinafter mentioned, Defendants NYPD MEMBER DOES 1-2 were members of the NYPD whose identities are currently unknown to Plaintiff. The Doe Defendants were on duty, in blue NYPD uniform. One appeared to be a Latino man, one appeared to be a white man, and one appeared to a Black or Latino woman. Plaintiff does not currently know the true names of Defendant NYPD Member Does 1-2. Upon information and belief, NYPD Member Does 1-3 were assigned to the 40th NYPD Precinct. They are sued herein in their official and individual capacities.
7. Defendants Cunha, DeMarchena, Pachecocuzco, and the Doe Defendants are collectively referred to herein as the "Individual Defendants."
8. The Individual Defendants are sued herein in their official and individual capacities.
9. Plaintiff timely served a Notice of Claim on the municipal Defendant and complied with all conditions precedent to commencing an action under state law.
10. At least thirty days have elapsed since service of Plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.
11. That the within action has been initiated within one year and ninety days of the accrual of Plaintiff's claims pursuant to New York State Law.

12. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

13. Venue is properly laid, pursuant to 28 U.S.C. § 1391, et seq., in the Southern District of New York, where the Plaintiff and Defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

14. On February 21, 2025, at around 4:15 p.m. Plaintiff was lawfully present on 146th Street between Willis and Brook Avenues in Bronx County, City, and State of New York.

15. At this time, the Individual Defendants arrived on duty.

16. Without any probable cause or legal basis, Defendants Cunha and DeMarchena approached Plaintiff, questioned and detained him without any probable cause or other legal basis.

17. Defendants Cunha, DeMarchena, Pachecocuzco, and NYPD Member Does 1-2, then assaulted Plaintiff and subjected him to excessive force by grabbing his right arm and twisting his right arm behind his back, and by applying excessively tight handcuffs to his wrists.

18. The Defendants involved in and present for the assault failed to intervene to prevent the violation of Plaintiff's constitutional rights despite the fact that they had the opportunity to do so.

19. Plaintiff was not involved in any illegal or suspicious activity and there was no legal justification or probable cause for the Defendants to approach, detain, or arrest Plaintiff.

20. Plaintiff was not involved in any violent or threatening behavior and there was justification for the Defendants to use any level of force against Plaintiff much less the force actually used.

21. Defendants assault on Plaintiff caused Plaintiff to suffer pain and injuries to his right arm including but not limited to his right shoulder and elbow.

22. Despite the lack of probable to arrest Plaintiff, Defendants handcuffed Plaintiff excessively tightly and transported Plaintiff to a stationhouse of a local area precinct believed to be the 40th Precinct.

23. Defendants detained Plaintiff at the 40th Precinct before summarily releasing him without any explanation, charges, summons, or ticket.

24. The Defendants themselves appear to not even know their excuse for arresting Plaintiff since upon Plaintiff's release from custody the Defendants and/or several of their co-workers began peppering Plaintiff with questions as to why he was arrested.

25. During the course of Plaintiff's arrest and detention, Defendants caused Plaintiff's truck to be towed without any legal basis, resulting in Plaintiff's property being stolen from his vehicle.

26. As a result, Defendants stole or caused to be stolen Plaintiff's property in the amount of several thousand dollars.

27. At no time did Defendants have a legal basis to stop or arrest Plaintiff, nor was it reasonable for the Defendants to believe that such a basis existed.

28. At no time did Defendants have probable cause to seize, detain or arrest the Plaintiff nor was it reasonable for the Defendants to believe that such cause existed.

29. Any no time was there any justification for the use of force against Plaintiff, much less the level of force applied by the Defendants.

30. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

31. That at all times relevant herein, the Defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**
**Unlawful Seizure, Search and False Arrest**
**Against the Individual Defendants**
***Pursuant to 42 U.S.C. §1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution***

32. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

33. The Individual Defendants willfully and intentionally searched Plaintiff and his property, seized, searched, detained, and arrested Plaintiff, and caused Plaintiff to be imprisoned, without individualized probable cause, and without a reasonable basis to believe such cause existed.

34. Plaintiff had not engaged in any criminal conduct, nor was Plaintiff engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify Plaintiff's arrest.

35. Despite the absence of sufficient legal cause, Plaintiff was arrested and jailed.

36. By so doing, the Individual Defendants subjected Plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

37. By reason thereof, the Individual Defendants have violated 42 U.S.C §1983 and caused Plaintiff to suffer the deprivation of Plaintiff's property, liberty, loss of Plaintiff's constitutional rights, physical injuries, and mental anguish.

38. The unlawful conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**SECOND CAUSE OF ACTION**
**Excessive Force**
**Against the Individual Defendants**
***Pursuant to 42 U.S.C. §1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution***

39. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

40. Defendants subjected Plaintiff to excessive force.

41. Defendants' uses of force against Plaintiff were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

42. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of Plaintiff's federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

43. By reason thereof, the Individual Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of Plaintiff's liberty, loss of Plaintiff's constitutional rights, physical injuries, and mental anguish.

44. The unlawful conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**THIRD CAUSE OF ACTION**
**Due Process Violation**
**Against the Individual Defendants**
***Pursuant to 42 U.S.C. §1983 for Defendants' Violations of Plaintiff's Rights to Due Process Under the Fourth, Fifth, and Fourteenth Amendments***

45. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

46. The Individual Defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed Plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the Bronx County District Attorney's Office to justify the arrest of Plaintiff, and to justify, bring about and cause Plaintiff to be deprived of Plaintiff's liberty, property and to be criminally prosecuted.

47. Defendants also did this to illegally deprive Plaintiff of his property as set forth above.

48. By so doing, the Individual Defendants subjected the Plaintiff to deprivation of property, denial of a fair trial and violation of his right to due process by fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

49. By reason thereof, the Individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of Plaintiff's liberty, loss of Plaintiff's property, constitutional rights, physical injuries, and mental anguish.

**FOURTH CAUSE OF ACTION**
**Section 1983 *Monell* Claim Against the Municipal Defendant**

50. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

51. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

52. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority,

abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

53. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the Plaintiff herein.

54. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the Plaintiff's arrest.

55. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

56. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

57. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

58. All of the acts and omissions by the Individual Defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

59. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the Plaintiff's rights in particular.

60. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of Plaintiff's constitutional rights.

**FIFTH CAUSE OF ACTION**
**False Arrest and Excessive Force**
**Against the Individual Defendants**
***Pursuant to N.Y.C Admin. Code §§8-802 and 803, et seq.***

61. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

62. The acts of all Defendant Officers constituted conduct under color of the laws of the State of New York, under color of the laws, rules, and regulations of the City of New York, and under color of the customs and usages of the City of New York and the New York City Police Department.

63. Plaintiff was subjected to unreasonable search and seizure, false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements, omission of false statements, and filing to correct and intervene to correct or prevent those false statements by themselves and others.

64. Each of the individual defendants failed to intervene regarding the unconstitutional conduct of each other.

65. At no time did Defendants have any legal basis for arresting Plaintiff, subjecting Plaintiff to excessive force, subjecting Plaintiff to prosecution, or commencing criminal process against Plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

66. The Individual Defendants are therefore liable under New York City law to Plaintiff for false arrest, malicious prosecution, denial of due process and fair trial, and excessive force under N.Y.C Admin. Code §8-802 and 803.

67. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of Plaintiff's constitutional rights, and unlawful incarceration.

**SIXTH CAUSE OF ACTION**
**Against the City of New York**
**False Arrest, Excessive Force, and Malicious Prosecution**
***Pursuant to N.Y.C Admin. Code §§8-802 and 803, et seq.***

68. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

69. The acts of all Defendant Officers constituted conduct under color of the laws of the State of New York, under color of the laws, rules, and regulations of the City of New York, and under color of the customs and usages of the City of New York and the New York City Police Department.

70. Plaintiff was subjected to unreasonable search and seizure, false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements, omission of false statements, and filing to correct and intervene to correct or prevent those false statements by themselves and others.

71. Each of the individual defendants failed to intervene regarding the unconstitutional conduct of each other.

72. At no time did Defendants have any legal basis for arresting Plaintiff, subjecting Plaintiff to excessive force, subjecting Plaintiff to prosecution, or commencing criminal process against Plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

73. The City of New York is liable under N.Y.C Admin. Code §8-803(b) and *respondeat superior* for the conduct of the Individual Defendants, and for any damages the individual Defendants caused by and through their conduct.

74. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of Plaintiff's constitutional rights, and unlawful incarceration.

**SEVENTH CAUSE OF ACTION**
**Against the City of New York and Individual Defendants**
**False Arrest, False Imprisonment, Excessive Force, Denial of Fair Trial and Due Process**
***Civil Rights Violations Pursuant to the New York State Constitution***

75. Plaintiff incorporates by reference all allegations set forth in all preceding and following paragraphs as if fully set forth herein.

76. The conduct of the officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officers and law enforcement officials, and/or while they were acting as agents and employees of the

Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

77. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§3, 6, 8, 9, 11 and/or 12 of the New York State Constitution.

78. A damages remedy here is necessary to effectuate the purposes of Article I, §§3, 6, 8, 9, 11 and/or 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

**EIGHTH CAUSE OF ACTION**
**Against the City of New York and Individual Defendants**
**Assault, Battery, Conversion, False Arrest, False Imprisonment and Excessive Force**
***Civil Rights Violations Pursuant to New York State Common Law***

79. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

80. Plaintiff was subjected to assault, battery, conversion, false arrest, false imprisonment and excessive force, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

81. At no time did Defendants have any legal basis for taking Plaintiff's property, searching Plaintiff's property, arresting Plaintiff, subjecting Plaintiff to force, subjecting Plaintiff to prosecution, or commencing criminal process against Plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

82. The Defendants are therefore liable under New York law to Plaintiff for assault, battery, conversion, false arrest, false imprisonment and excessive force, denial of due process and fair trial.

83. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of Plaintiff's constitutional rights, and unlawful incarceration.

84. The Defendant City of New York is liable to Plaintiff under the doctrine of *respondeat superior.*

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against the Individual Defendants and the City of New York as follows:

i. Compensatory, actual and punitive damages in an amount to be determined at trial against the Individual Defendants;

ii. Actual and compensatory damages in an amount to be determined at trial against the City of New York, and punitive damages to be determined at trial pursuant to N.Y.C. Admin. L. §8-805(1)(ii), NYC Admin. C. §14-189;

iii. Statutory attorney's fees, disbursements, and costs pursuant to, *inter alia*, 42 U.S.C. §1988, N.Y.C. Admin. L. §8-805(2), NYC Admin. C. §14-189, and New York common law; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
August 27, 2026

JESSICA MASSIMI

By: *Jessica Massimi*

MASSIMI LAW PLLC
99 Wall Street, Suite 1264
New York, NY 10005
646-241-9800
Jessica.Massimi@gmail.com